THE W. A. LEVERING.

DARROW v. THE W. A. LEVERING.

(District Court, S. D. New York. October 22, 1888.)

TOWAGE—NEGLIGENCE—STRANDING—HOISTING SAIL ON TOW.

The schooner M., which was lashed on the port side of the tug W., and bound through the East River into Long Island sound, when about a half a mile from the passage between The Brothers islands, hoisted her foresail. The testimony was conflicting as to whether this was contrary to the orders from the tug or not. The view of the pilot of the tug to his port hand was thereby somewhat obscured. In entering the passage between the Brothers, the M. struck on a reef projecting from the North Brother. *Held*, that the schooner was in fault for obstructing the view of the pilot of the tug by hoisting her foresail, that the master of the tug was in fault for continuing his course with his view obstructed, when he could have insisted upon the lowering of the foresail, or could have taken the passage to the north of the island, and that the damages should therefore be divided.

In Admiralty. Libel for damages.
*R. D. Benedict*, for libelant.
*Edwin G. Davis*, for claimant.

BROWN, J. The libelant's small two-masted schooner F. H. Miller, while in tow along-side the tug W. A. Levering, bound through Hell Gate to Long Island sound, was run upon the shoal that makes out from the south-west side of the North Brother island. The Miller was on the port side of the tug, and between them was another two-masted schooner, the Cheseborough. There was a good breeze from the south-west, and the tide was flood. As the schooners were to be left by the tow a short distance beyond the North Brother, the Cheseborough, about half a mile before reaching those islands, hoisted her mainsail and foresail. Her captain testifies that he understood by signal that he had the consent of the pilot in charge of the tow, although such assent is denied by the pilot. The

captain of the Miller, seeing the Cheseborough's sails hoisted, followed suit and hoisted his. The acting captain of the tug, who soon after took the wheel, and two other witnesses, testify that the captain of the Miller was notified not to hoist his foresail; the latter denied that he had any such notice. The captain of the tug also says that before the Miller's foresail was hoisted there was sufficient space left between the Cheseborough's foresail and mainsail for him to see where he was going, but that the Miller's foresail, when hoisted, closed up that space, so that he had a view on his port bow of only about two points range. The passage through The Brothers was the straight and usual passage for craft of this size. The passage is narrow, and, in the flood tide and a south wind, requires careful observation and good judgment to avoid the reef above referred to, when, as in this case, there were other vessels to the southward. Upon these facts I must hold both in fault. It was imprudent for the pilot to proceed through that passage with his view obstructed so much as it was. He should have insisted that the foresail of one or both of the schooners on the port side be lowered, or else have gone around to the northward of the Brothers islands. He might easily have done either. This obstruction of view was completed at least a quarter or a third of a mile before reaching The Brothers, so that there was plenty of time and room to go to the northward. It is clear that it was not insisted on that either foresail should be lowered, and the captain took the risk of going on with a very imperfect view of the north shore. On the other hand, I cannot discredit the testimony of the three witnesses, who state that objection to hoisting the foresail was communicated to the plaintiff's captain. Though the latter is not answerable for so much of the obstruction as was caused by the Cheseborough's sail, he is answerable for closing up the open space between it and the Cheseborough's mainmast; and I cannot find, against the testimony of the claimant, that the view through the open space, after the Cheseborough's foresail was up, was of no value. It seems to me that the captains of both schooners should have known that it was very imprudent and unjustifiable to obstruct the view of the pilot towards the port side in going past the reef between the two Brothers. The captains of both schooners evidently expected that they would go through that passage. Whatever other causes may have existed, such as the wind and tide and miscalculation, these difficulties must necessarily have been aggravated by the obstruction of the pilot's view; and I must therefore regard the plaintiff as contributing to the accident. Decree for the libelant for half the damages and costs, with a reference if the parties do not agree as to the amount.